IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JEUNESSE GLOBAL, LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DARREN JENSEN, an individual,<br><br>Defendant. | **ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND**<br><br>Civil No. 6:16-cv-00162-GAP-DAB |

Defendant Darren Jensen, by and through undersigned counsel, submits this Answer and Affirmative Defenses in response to the Complaint ("Complaint") filed by Plaintiff, Jeunesse Global, LLC ("Plaintiff" or "Jeunesse").

## ANSWER

Mr. Jensen responds to the allegations in the numbered paragraphs of Plaintiff's Complaint as stated below. Any allegation not specifically admitted below is denied.

### RESPONSE TO "PARTIES" SECTION

1. On information and belief, Mr. Jensen admits the allegations in Paragraph 1.

2. Mr. Jensen admits the allegations in Paragraph 2.

### RESPONSE TO "JURISDICTION" SECTION

3. Mr. Jensen admits that jurisdiction is proper in the United States District Court for the Middle District of Florida.

4. Mr. Jensen admits that he is a party to a separation agreement that provides: "This Agreement for Separation shall be construed and governed by the laws of the United States and

Florida with jurisdiction for any dispute being Seminole County District Court in the State of Florida." Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 4.

## RESPONSE TO "GENERAL ALLEGATIONS" SECTION

5. Mr. Jensen admits that Jeunesse is a direct selling company engaged in the business of distributing and selling anti-aging creams and health supplements in the United States and internationally. Mr. Jensen is without information sufficient to admit or deny whether Jeunesse is engaged in the business of manufacturing anti-aging creams and health supplements, and Mr. Jensen denies the same on that basis.

6. Mr. Jensen admits that Jeunesse distributes Instantly Ageless. Mr. Jensen is without information sufficient to admit or deny the remaining allegations in Paragraph 6, and he denies them on that basis.

7. Mr. Jensen admits that Jeunesse has successfully marketed Instantly Ageless. Mr. Jensen is without information sufficient to admit or deny the remaining allegations in Paragraph 7, and he denies them on that basis.

8. Mr. Jensen admits the allegations in Paragraph 8.

9. Mr. Jensen admits that Jeunesse sells its products through distributors. Mr. Jensen is without information sufficient to admit or deny the remaining allegations in Paragraph 9, and he denies them on that basis.

10. Mr. Jensen admits the allegations in Paragraph 10.

11. Mr. Jensen admits that Plaintiff assists distributors develop and maintain customer and distributor bases. Mr. Jensen is without information sufficient to admit or deny the remaining allegations in Paragraph 11, and he denies them on that basis.

12. Mr. Jensen admits that Plaintiff spends resources to train, develop, and support its independent distributors. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 12.

13. Mr. Jensen admits that Jeunesse spends resources for its own benefit. Mr. Jensen is without information sufficient to admit or deny the remaining allegations in Paragraph 13, and he denies them on that basis.

14. Mr. Jensen denies the allegations in Paragraph 14. On information and belief, Mr. Jensen alleges that Jeunesse acquired its Instantly Ageless product from a third party.

15. On information and belief, Mr. Jensen admits the allegations in Paragraph 15.

16. Mr. Jensen admits that on or about August 25, 2012, he was hired as President of the Americas for Jeunesse and that he had an employment agreement with Jeunesse. Mr. Jensen is without information sufficient to admit or deny the remaining allegations in Paragraph 16, and he denies them on that basis.

17. Mr. Jensen asserts that the Employment Agreement speaks for itself. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 17.

18. Mr. Jensen admits that he is party to an Employment Agreement that contained a paragraph 21 and admits the allegations of Paragraph 18 to the extent that it accurately quotes the provisions of paragraph 21 of his Employment Agreement. Except as expressly admitted, Mr. Jensen denies the remaining allegations of Paragraph 18.

19. Mr. Jensen admits that he was involved in the identification, sale and marketing of certain Jeunesse products, including Instantly Ageless™. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 19.

20. Mr. Jensen admits that he had access to information at Jeunesse, including limited information concerning research and development information, compensation information for distributors and for certain employees who reported to him, cost of goods information, certain financial information and distributor information. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 20.

21. Mr. Jensen admits that he was compensated by Jeunesse and that as part of his duties he did identify at least some potential suppliers, distributors and customers, worked on market initiatives, promoted sales, developed business and marketing strategies, recruited new leaders and for a portion of his tenure oversaw European and U.S. markets. Expect as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 21.

22. Mr. Jensen worked as President of the Americas until May 15, 2015, when he terminated his employment. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 22.

23. Mr. Jensen admits that he entered into a Separation Agreement with Jeunesse dated May 4, 2015. Mr. Jensen is without information sufficient to admit or deny the remaining allegations in Paragraph 23, and he denies them on that basis.

24. Mr. Jensen admits that the Separation Agreement contains a provision titled "Confidential Information and Trade Secrets," a portion of which is quoted in Paragraph 24 of

the Complaint.  Mr. Jensen asserts that the Separation Agreement speaks for itself.  Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 24.

25. Mr. Jensen admits that the Separation Agreement includes a paragraph titled "Confidential Information and Trade Secrets" and admits that a portion of that paragraph is quoted in Paragraph 25 of the Complaint.  Mr. Jensen asserts that the Separation Agreement speaks for itself.  Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 25.

26. Mr. Jensen admits that Plaintiff has quoted a portion of the Separation Agreement titled "Restrictive Covenants."  Mr. Jensen asserts that the Separation Agreement speaks for itself.  Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 26.

27. Mr. Jensen admits that the Separation Agreement contains a paragraph titled "Restrictive Covenants," that the Separation Agreement speaks for itself, and that Jeunesse has quoted portions of paragraph 5 of his Separation Agreement.  Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 27.

28. Mr. Jensen admits that the Separation Agreement contains a paragraph titled "Restrictive Covenants," that the Separation Agreement speaks for itself, and that Plaintiff has quoted a portion of that paragraph.  Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 28.

29. Mr. Jensen admits that after leaving employment of Plaintiff he became an employee of LifeVantage Corporation.  Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 29.

30. Mr. Jensen admits that he is the President and Chief Executive Officer of LifeVantage. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 30.

31. Mr. Jensen admits the allegations in Paragraph 31.

32. Mr. Jensen admits the allegations in Paragraph 32.

33. Mr. Jensen denies the allegations in Paragraph 33.

34. Mr. Jensen denies the allegations in Paragraph 34.

35. Mr. Jensen denies the allegations in Paragraph 35.

36. Mr. Jensen denies the allegations in Paragraph 36.

37. Mr. Jensen denies the allegations in Paragraph 37.

38. Mr. Jensen denies the allegations in Paragraph 38.

39. Mr. Jensen denies the allegations in Paragraph 39.

40. Mr. Jensen denies the allegations in Paragraph 40.

41. Mr. Jensen denies the allegations in Paragraph 41.

42. Mr. Jensen denies the allegations in Paragraph 42.

43. Mr. Jensen denies the allegations in Paragraph 43.

44. Mr. Jensen denies the allegations in Paragraph 44.

## RESPONSE TO FIRST CAUSE OF ACTION
### (Breach of Employment Agreement)

45. Mr. Jensen incorporates his responses to the preceding allegations as though fully set forth herein.

46. Mr. Jensen asserts that the Employment Agreement, except paragraph 21 thereof, has been superseded by the Separation Agreement entered into by the parties. Mr. Jensen denies the remaining allegations in Paragraph 46.

47. Mr. Jensen asserts that the Employment Agreement speaks for itself. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 47.

48. Mr. Jensen asserts that the Employment Agreement speaks for itself. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 48.

49. Mr. Jensen denies the allegations in Paragraph 49.

50. Mr. Jensen denies the allegations in Paragraph 50.

51. Mr. Jensen denies the allegations in Paragraph 51.

WHEREFORE, Mr. Jensen requests that the First Cause of Action of the Complaint be dismissed with prejudice; that the Court enter judgment in favor of him and against Plaintiff, and that Plaintiff take nothing thereby; that Plaintiff be taxed with Mr. Jensen's costs and expenses; and for any such further relief as the Court may deem proper. Mr. Jensen further demands a trial by jury on all issues so triable.

## RESPONSE TO SECOND CAUSE OF ACTION
### (Breach of Separation Agreement)

52. Mr. Jensen incorporates his responses to the preceding allegations as though fully set forth herein.

53. Mr. Jensen admits that he entered into a Separation Agreement with Plaintiff. Mr. Jensen asserts that the terms and conditions of the Separation Agreement speak for themselves. Mr. Jensen denies that he has breached the Separation Agreement and denies that all of the terms

and conditions of the Separation Agreement are reasonable, valid, or enforceable. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 53.

54. Mr. Jensen asserts that the Separation Agreement speaks for itself. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 54.

55. Mr. Jensen denies the allegations in Paragraph 55.

56. Mr. Jensen denies the allegations in Paragraph 56.

WHEREFORE, Mr. Jensen requests that the Second Cause of Action of the Complaint be dismissed with prejudice; that the Court enter judgment in favor of him and against Plaintiff, and that Plaintiff take nothing thereby; that Plaintiff be taxed with Mr. Jensen's costs and expenses; and for any such further relief as the Court may deem proper. Mr. Jensen further demands a trial by jury on all issues so triable.

### RESPONSE TO THIRD CAUSE OF ACTION
**(Misappropriation of Trade Secrets)**

57. Mr. Jensen incorporates his responses to the preceding allegations as though fully set forth herein.

58. Mr. Jensen denies the allegations in Paragraph 58.

59. Mr. Jensen asserts that he was President of the Americas. Mr. Jensen admits that he had access to certain limited information concerning product formulas and had information about pricing, cost of goods sold, and information about vendors and manufacturers. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 59.

60. Mr. Jensen denies that all of the information now claimed by Plaintiff constitutes trade secrets. Mr. Jensen is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 60, and he denies them on that basis.

61. Mr. Jensen admits that he was given access to certain confidential information and alleges that he has maintained the secrecy of the same. Except as expressly admitted, Mr. Jensen denies the remaining allegations in Paragraph 61.

62. Mr. Jensen denies the allegations in Paragraph 62.

63. Mr. Jensen denies the allegations in Paragraph 63.

64. Mr. Jensen denies the allegations in Paragraph 64.

65. Mr. Jensen denies the allegations in Paragraph 65.

66. Mr. Jensen denies the allegations in Paragraph 66.

67. Mr. Jensen denies the allegations in Paragraph 67.

WHEREFORE, Mr. Jensen requests that the Third Cause of Action of the Complaint be dismissed with prejudice; that the Court enter judgment in favor of him and against Plaintiff, and that Plaintiff take nothing thereby; that Plaintiff be taxed with Mr. Jensen's costs, expenses, and attorneys' fees incurred in defending this action pursuant to Section 688.005, Florida Statutes; and for any such further relief as the Court may deem proper. Mr. Jensen further demands a trial by jury on all issues so triable.

## RESPONSE TO FOURTH CAUSE OF ACTION
**(Conversion)**

68. Mr. Jensen incorporates his responses to the preceding allegations as though fully set forth herein.

69. Mr. Jensen denies the allegations in Paragraph 69.

70. Mr. Jensen denies the allegations in Paragraph 70.

71. Mr. Jensen denies the allegations in Paragraph 71.

72. Mr. Jensen denies the allegations in Paragraph 72.

73. Mr. Jensen denies the allegations in Paragraph 73.

74. Mr. Jensen denies the allegations in Paragraph 74.

75. Mr. Jensen denies the allegations in Paragraph 75.

76. Mr. Jensen denies the allegations in Paragraph 76.

WHEREFORE, Mr. Jensen requests that the Fourth Cause of Action of the Complaint be dismissed with prejudice; that the Court enter judgment in favor of him and against Plaintiff, and that Plaintiff take nothing thereby; that Plaintiff be taxed with Mr. Jensen's costs and expenses; and for any such further relief as the Court may deem proper. Mr. Jensen further demands a trial by jury on all issues so triable.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because their damages, if any, were not legally or proximately caused by any actions or omissions of Mr. Jensen and/or are the result of their actions or the actions of third parties for whom Mr. Jensen is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred in full or in part by Plaintiff's failure to mitigate those damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims have been brought in bad faith. Mr. Jensen is entitled to recover his attorneys' fees under applicable law, including under the Fla. Stat. § 688.005.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff released its claims against Mr. Jensen.

## NINTH AFFIRMATIVE DEFENSE

One or both of Plaintiff's contract claims are barred because the restrictive covenants contained in Mr. Jensen's Separation Agreement are unreasonable in both duration and scope and are therefore unenforceable.

## TENTH AFFIRMATIVE DEFENSE

To the extent discovery in this action may support any additional affirmative defenses, Defendant reserves the right to assert such defenses at the appropriate time.

WHEREFORE, Mr. Jensen requests that the Complaint be dismissed with prejudice; that the Court enter judgment in favor of him and against Plaintiff, and that Plaintiff take nothing thereby; that Plaintiff be taxed with Mr. Jensen's costs, expenses, and attorneys' fees incurred in defending this action; and for any such further relief as the Court may deem proper. Mr. Jensen further demands a trial by jury on all issues so triable.

DATED this 2nd day of February, 2016.

By: */s/ Robert J. Stovash*
Robert J. Stovash, Esquire
Florida Bar No.: 0769320
Primary Email: rstovash@sctlaw.com
Secondary Email: atillman@sctlaw.com
STOVASH, CASE & TINGLEY, P.A.
The VUE at Lake Eola
220 North Rosalind Avenue
Orlando, Florida  32801
Telephone:  (407) 316-0393
Facsimile: (407) 316-8969

Brent V. Manning [Pro Hac Vice Pending]
bmanning@mc2b.com
Jess M. Krannich [Pro Hac Vice Pending]
jkrannich@mc2b.com
MANNING CURTIS BRADSHAW &
   BENDAR PLLC
136 East South Temple, Suite 1300
Salt Lake City, Utah 84111-1135

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES AND JURY DEMAND to be served in the method indicated below to the below-named parties this 2nd day of February, 2016:

| | |
|---|---|
| Christina Bredahl<br>COLE, SCOTT & KISSANE P.A.<br>Summit Tower, Suite 750<br>1900 Summit Tower Blvd.<br>Orlando, Florida 32810<br>Telephone: (321) 972-0025<br>Facsimile: (321) 972-0099<br>christie.bredahl@csklegal.com<br>jeanna.bond@csklegal.com | ___HAND DELIVERY<br>___U.S. MAIL<br>___FAX TRANSMISSION<br>___E-MAIL TRANSMISSION<br>_X_ ECF |

                                                            */s/ Robert J. Stovash*
                                                            Robert J. Stovash, Esquire